# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Carrie W., Petitioner Below,**
**Petitioner**

**vs) No. 13-1329** (Taylor County 12-D-38)

**Steven W., Respondent Below,**
**Respondent**

**FILED**

March 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Carrie W., by counsel Brian K. Carr, appeals the Circuit Court of Taylor County's November 19, 2013, order denying her petition for appeal from the Family Court of Taylor County.[1] *Pro se* respondent Steven W. filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying her petition for appeal.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon our review, we believe that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision reversing the circuit court's order. For the reasons expressed below, this case is reversed and remanded to the circuit court for consideration on the merits of petitioner's allegations that the family court erred in denying her motion to reconsider and in dismissing her second petition for contempt.

In June of 2007, the parties were married in Flagler County, Florida. By April of 2011, the parties and their minor child moved to Taylor County, West Virginia. Thereafter, the parties

---

[1] "We follow our past practice in . . . cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dept. of Human Services v. Cheryl M.,* 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] Petitioner actually alleges six assignments of error in her petition for appeal. However, assignments of error one through four allege errors by the family court related to its "Final Divorce Decree" entered on March 11, 2013, which petitioner did not timely appeal. As such, these assignments of error have been waived and will not be addressed in this memorandum decision. As more fully addressed below, this Court's decision is limited to the two assignments of error related to the orders that were timely appealed; namely, petitioner's allegation that the circuit court erred in denying her appeal as it related to the family court's orders on her motion to reconsider and her second petition for contempt.

separated in November of 2011 while living in Taylor County. In April of 2012, petitioner filed a petition for divorce in the Family Court of Taylor County. The parties both cited irreconcilable differences as a basis for divorce and agreed to an equitable distribution of marital assets and debts. The main issue for the family court was to determine an appropriate parenting plan for the parties' minor child. Ultimately, the family court entered its "Final Divorce Decree" on March 11, 2013. Petitioner did not appeal this order to the circuit court.

In June of 2013, petitioner filed her second petition for contempt in the family court. Petitioner then filed a motion for reconsideration of the "Final Divorce Decree" in the family court in September of 2013. On October 3, 2013, the family court entered two orders; one dismissing the petition for contempt and one denying the motion for reconsideration.

In November of 2013, petitioner filed a petition for appeal in the circuit court. According to the circuit court, petitioner appealed the family court's two orders, both issued on October 3, 2013, denying her motion for reconsideration and dismissing her petition for contempt. Ultimately, the circuit court denied petitioner's appeal, ruling that neither of the orders on appeal were final orders, as required by Rule 28(a) of the Rules of Practice and Procedure for Family Court. It is from this order that petitioner now appeals.

We have previously established the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). Upon our review, we find that the circuit court erred in ruling that the two October 3, 2013, orders did not constitute final orders under Rule 28(a) of the Rules of Practice and Procedure for Family Court. However, the Court notes that this ruling applies only to petitioner's assignments of error related to the family court's denial of her motion for reconsideration and dismissal of her motion for contempt. Petitioner's remaining assignments of error on appeal to this Court are not reviewable because they relate back to the family court's March 11, 2013, final divorce decree, which petitioner did not timely appeal.

Pursuant to Rule 28(a) of the Rules of Practice and Procedure for Family Court, "[a] party aggrieved by a final order of a family court may file a petition for appeal to the circuit court no later than thirty days after the family court final order was entered in the circuit clerk's office." It is undisputed that petitioner failed to appeal the final divorce decree to the circuit court within thirty days, as her appeal was not filed until November of 2013. While Rule 28(a) goes on to state that "[i]f a motion for reconsideration has been filed within the time period to file an appeal, the time period for filing an appeal is suspended during the pendency of the motion for reconsideration," the record shows that petitioner filed her motion for reconsideration in the family court well outside the time frame for appeal of the final divorce decree. As such, the

appeal period was never suspended and petitioner failed to timely appeal the final divorce decree. On appeal to this Court, petitioner alleges that the family court erred in considering illegally obtained evidence, making conclusory findings of fact in regard to petitioner's caretaking functions, designating respondent as the primary residential parent, and failing to adopt her proposed parenting plan. These assignments of error are clearly related to the family court's March 11, 2013, final divorce decree. For these reasons, petitioner is not entitled to appeal the rulings contained in that order.

In regard to petitioner's assignments of error regarding the family court's orders dismissing her second motion for contempt and denying her motion for reconsideration, the Court remands the matter to the circuit court for a ruling on the merits of her alleged errors. In denying petitioner's appeal, the circuit court simply stated that "[t]he [f]amily [c]ourt's orders entered October 3, 2013[,] contain no language that indicates that they are appealable final orders" before ultimately concluding that the orders "are temporary orders and not subject to appeal." While it is true that the subject orders do not contain language indicating they are final and appealable as required by Rule 22(c) of the Rules of Practice and Procedure for Family Court, the Court finds they are final, appealable orders nonetheless. Specifically, each of the orders concern motions that relate back to the enforcement of the final divorce decree, which is undoubtedly a final, appealable order. If the Court were to affirm the circuit court's order, parties to family court proceedings would have no avenue for appeal when seeking to enforce final family court orders. For these reasons, the Court remands the matter for the entry of an order ruling on the merits of these assignments of error. However, as noted above, the circuit court is not required to entertain petitioner's assignments of error relating to the March 11, 2013, final divorce decree itself, as petitioner failed to timely appeal the same.

For the foregoing reasons, this case is hereby reversed and remanded to the circuit court.

Reversed and Remanded.

**ISSUED**: March 16, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II